[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16268
Non-Argument Calendar

_____

D. C. Docket No. 07-01533-CV-T-24-MAP

HAROLD MCLEROY,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee,

SOCIAL SECURITY ADMINISTRATION,

Interested Party-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 24, 2009)

Before BIRCH, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Harold McLeroy appeals a judgment that affirmed the denial of his application for disability insurance benefits and supplemental security income. 42 U.S.C. §§ 405(g), 1383(c)(3). McLeroy argues that the administrative law judge posed to the vocational expert a hypothetical question that contained an incorrect standard to determine whether McLeroy's skills were transferable. We affirm.

We review the decision by the Commissioner "to determine if it is supported by substantial evidence and based on proper legal standards." Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). Substantial evidence consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. at 1440. When the administrative law judge denies benefits and the Appeals Council denies review, we review the decision of the administrative law judge as the final decision of the Commissioner. Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001).

The administrative law judge posed an accurate hypothetical question to the vocational expert. McLeroy argues that the administrative law judge should have asked the vocational expert whether McLeroy had skills that were transferable "with little or no vocational training or job orientation," but that standard does not apply to McLeroy. The regulations provide that skills must be transferable with little or no adjustment either (1) to applicants aged 55 or older who are limited to

sedentary work or (2) to applicants who are capable of light work and are between 60 and 64 years old. 20 C.F.R. pt. 404, subpt. P, app. 2 §§ 201.00(f), 202.00(f). McLeroy does not challenge the finding of the administrative law judge that he can perform light work and the administrative law judge made that finding when McLeroy was 57 years old. When an applicant is limited to light work, the "presence of acquired skills that are readily transferable to a significant range of semi-skilled or skilled work within an individual's residual functional capacity would ordinarily warrant a finding of not disabled regardless of the adversity of age . . . ." 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.00(e). The hypothetical question posed to the vocational expert about whether there would "be much in the way of adjustment required in the terms of tools or work processes, work settings, or the industry" enabled the administrative law judge to determine if McLeroy's skills were "readily transferable."

The judgment in favor of the Commissioner is **AFFIRMED**.